UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA DANIEL DONOHUE,

    Plaintiff,

v.

CARLOS PENA-ROJAS, et al.,

    Defendants.

Case No. 23-4113-JWB-BGS

### REPORT & RECOMMENDATION FOR DISMISSAL OF DEFENDANTS CARLOS PENA-ROJAS AND SKY CLIMBER WIND SOLUTIONS

On December 8, 2023, Plaintiff, Joshua Donohue, filed a Complaint naming as Defendants, Carlos Pena-Rojas, Sky Climber Wind Solutions, and Cincinnati Insurance Group. Doc. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. Doc. 3. The Court screened the Complaint as required by 28 U.S.C. § 1915 and on December 11, 2023, granted Plaintiff's motion and authorized service of process on the Defendants. Doc. 4. Therefore, there was a three-day delay between when the Complaint was filed and when service was authorized.

Summons was subsequently issued after the Court's order, and service was attempted on the Defendants. Defendant Cincinnati Insurance Group was served on December 27, 2023. Doc. 6. Cincinnati Insurance Group subsequently filed a motion to dismiss which is still pending before the District Judge.[1] Doc. 14. Service was attempted on Defendants Carlos Pena-Rojas and Sky Climber Wind Solutions; however, it was not effectuated. *See* Docs. 13, 16. Those Defendants remain unserved in this case, and no additional action has been taken to effectuate service.[2]

---

[1] To date, Plaintiff has not responded to the motion to dismiss.

[2] In addition to failing to effectuate service, Plaintiff has also failed to respond to court orders. On March 7, 2024, the Court entered an order requiring Plaintiff to file a Rule 7.1 disclosure statement by March 15, 2024.

1

On March 12, 2024, the Court ordered Plaintiff to show cause by March 29, 2024, why the undersigned Magistrate Judge should not recommend that his claims against Defendants Carlos Pena-Rojas and Sky Climber Wind Solutions be dismissed due to his failure to effectuate service. Doc. 18. Federal Rule of Civil Procedure 4(m) governs the time limit for service. Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." When a plaintiff moves for in forma pauperis status, service is not authorized until the Court screens the Complaint. *See* 28 U.S.C. § 1915. The Tenth Circuit has not opined on whether the service period is tolled for an in forma pauperis plaintiff while the court is screening the complaint. However, this district has found that the Tenth Circuit would likely adopt a rule in which the service period is tolled. *See, e.g.*, *McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 5642324, at *5 (D. Kan. Sept. 22, 2020). In addition to Rule 4(m), Fed. R. Civ. P. 41(b) provides that the court may dismiss an action for failure to prosecute.

Here, Plaintiff has not timely effectuated service of process on Defendants Carlos Pena-Rojas and Sky Climber Wind Solutions. Plaintiff filed his Complaint on December 8, 2023, and the Court authorized service on December 11, 2023. Therefore, Plaintiff needed to effectuate service by either March 7, 2024 (without tolling) or March 11, 2024 (with tolling). Under the standard service period provided for in Rule 4(m) or applying tolling as provided for by some Circuits, the 90-day service period has passed.

Plaintiff has not served Defendants Carlos Pena-Rojas and Sky Climber Wind Solutions and has failed to respond to the Court's Order to Show Cause in the time required. As such, the Court

---

Plaintiff failed to file any such disclosure statement. The Court will subsequently address his failure to respond to the order to show cause.

**RECOMMENDS** that the District Court dismiss Plaintiff's claims against Defendants Carlos Pena-Rojas and Sky Climber Wind Solutions without prejudice.

**IT IS THEREFORE ORDERED** that a copy of the **recommendation** shall be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have **fourteen (14) days** after service of a copy of these proposed findings and **recommendations** to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or **recommendations** of the undersigned **Magistrate Judge**. Plaintiff's failure to file such written, specific objections within the fourteen-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the **recommended** disposition.

**IT IS SO ORDERED**.

Dated April 1, 2024, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge