IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA DANIEL DONOHUE,

        Plaintiff,

v.                                                                  Case No. 23-4113-JWB

CARLOS PENA-ROJAS, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant Cincinnati Insurance Group's motion to dismiss and memorandum in support (Docs. 14, 15) and an April 1, 2024 Report and Recommendation ("R&R") by Magistrate Judge Brooks Severson (Doc. 20) recommending dismissal of Plaintiff's claims against Defendants Carlos Pena-Rojas and Sky Climber Wind Solutions for failure to execute service. After review, Cincinnati's motion to dismiss is GRANTED and Magistrate Judge Severson's R&R is ADOPTED for the reasons set forth herein.

**I.  Facts and Procedural History**

On December 23, 2021, Plaintiff was on the shoulder of Highway 283 when he was struck by a vehicle driven by Defendant Pena-Rojas. Pena-Rojas's vehicle was owned by Defendant Sky Climber Wind Solutions ("Sky Climber") and insured by Defendant Cincinnati. Plaintiff filed this negligence suit against Defendants and seeks damages for his injuries in the accident. Plaintiff is a citizen of California and Plaintiff alleges that Defendants Pena-Rojas and Sky Climber are citizens of Washington and Ohio, respectively. (Doc. 1 at 2.) Defendant Cincinnati is a citizen of Ohio. (Doc. 19.)

Plaintiff is proceeding pro se in this matter. Plaintiff's motion to proceed in forma pauperis was granted and summons was issued to the United States Marshal for service. (Doc. 4.) On

1

January 26, the summons for Pena-Rojas was returned as unexecuted and the return indicated that the address was incorrect. (Doc. 13.) The summons for Sky Climber was also returned as unexecuted. (Doc. 16.) Cincinnati was served and filed a motion to dismiss on the basis that it is not a proper party to this action as the tortfeasor's insurer. (Doc. 14.) Plaintiff has not filed a response to the motion and the time for doing so has now passed.

On March 12, 2024, Magistrate Judge Severson entered an order to show cause in this case due to Plaintiff's failure to timely serve Pena-Rojas and Sky Climber. (Doc. 18.) Plaintiff did not file a response to the show cause order. On April 1, 2024, Magistrate Judge Severson entered an R&R recommending dismissal of the claims against Pena-Rojas and Sky Climber. Plaintiff was served with the R&R by electronic notice as he is registered as a pro se participant.[1] Plaintiff has not filed an objection to the R&R and the time for doing so has now passed.

**II.     Standard**

Review of an R&R.  "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

Motion to Dismiss.  In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief

---

[1] The R&R was also sent by registered mail to Plaintiff. The return has not yet been received. However, other mail has been returned to the court. (Docs. 21–23.) It appears that Plaintiff has moved and not updated the court with his current address. However, because he is also a registered pro se participant, he received electronic notification of the R&R by email. Therefore, the court proceeds to address the R&R and motion to dismiss on the merits. Plaintiff has a duty to provide an updated address to the court and has not done so here.

that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

<u>Pro se standard</u>. Pro se pleadings are construed liberally, but a district court cannot assume the role of an advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And pro se plaintiffs must follow the same rules of procedure that govern represented litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**III.   Analysis**

   **A.  R&R**

The R&R recommends dismissal on the basis that Plaintiff failed to comply with Federal Rule of Civil Procedure 4(m) by not serving Pena-Rojas and Sky Climber within 90 days after the complaint was filed. Under Rule 4(m), the court must dismiss the action without prejudice or order service within a specified time if service was not effectuated in 90 days. Plaintiff did not object to the R&R. Plaintiff's failure to timely object to any portion of the R&R leaves him with no entitlement to appellate review. *Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court . . .") (quoting *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)). The court agrees with Magistrate Judge Severson's analysis concluding that Plaintiff's complaint should be dismissed for failing to execute service on Defendants Pena-

Rojas and Sky Climber. The court finds no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b) advisory committee note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") The court accordingly adopts the recommendation in the R&R to dismiss the complaint against these Defendants.

### B. Motion to Dismiss

Defendant Cincinnati moves to dismiss on the basis that Plaintiff cannot bring a negligence claim directly against the insurer. Rather, Plaintiff must sue the tortfeasor directly and then the tortfeasor would rely on his insurer. The court agrees. Under Kansas law, a "liability insurer is not properly a party in a tort action arising from an auto accident." *Nungesser v. Bryant*, 283 Kan. 550, 560, 153 P.3d 1277, 1285 (2007); *see also Nelson v. Liberty Mut. Grp. Inc.*, No. 20-02087-EFM, 2020 WL 3469682, at *3 (D. Kan. June 25, 2020). In *Nungesser*, the court held that the injured party did not have a cause of action until the underlying tort action was concluded and there was a judgment. *Id.* at 560–65. Here, Plaintiff has not obtained a judgment against the insured and Plaintiff fails to identify any statutory basis for his claim against Cincinnati. Therefore, this claim is subject to dismissal.

### IV. Conclusion

Defendant Cincinnati's motion to dismiss (Doc. 14) is GRANTED. Magistrate Judge Severson's R&R (Doc. 20) is ADOPTED. This action is DISMISSED WITHOUT PREJUDICE. IT IS SO ORDERED. Dated this 2nd day of May, 2024.

                                                                  s/ John W. Broomes
                                                                  JOHN W. BROOMES
                                                                  UNITED STATES DISTRICT JUDGE